721 F.2d 345
 F. Browne GREGG, Plaintiff-Appellee, Cross-Appellant,
v.
U.S. INDUSTRIES, INC., a Delaware Corporation,
Defendant-Appellant, Cross-Appellee.
F. Browne GREGG, Plaintiff-Appellant, Cross-Appellee,
v.
U.S. INDUSTRIES, INC., a Delaware Corporation,
Defendant-Appellee, Cross-Appellant.
 Nos. 76-2107, 81-5956.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 15, 1983.
 
 Bedell, Bedell, Dittmar & Zehmer, C. Harris Dittmar, Jacksonville, Fla., for U.S. Industries.
 Olwin, Connelly, Chase, O'Donnell & Weyher, William F. Sondericker, Mary C. Mone, Gary D. Hoppe, New York City, Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Raymond Ehrlich, John M. McNatt, Jr., Jacksonville, Fla., for Gregg.
 Appeals from the United States District Court for the Middle District of Florida; Gerald Bard Tjoflat, Judge.
 ON PETITIONS FOR REHEARING AND GREGG'S PETITION FOR CLARIFICATION
 (Opinion September 30, 1983, 11th Cir., 1983, 715 F.2d 1522).
 Before GODBOLD, Chief Judge, HENDERSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 With respect to Gregg's petition for rehearing and for clarification, we affirmed the judgment as it related to Gregg's Count I to the extent that USI was found to have committed fraud. We reversed the award of compensatory damages to Gregg under Count I because of erroneous instructions to the jury. As to the judgment for $500,000 punitive damages for Gregg under Count I, we remanded to the district court for it to determine whether this award stands.
 
 
 2
 Gregg's petition for clarification is GRANTED to the extent that we specifically confirm what occurs by operation of law, that is, the issue of the amount of compensatory damages, if any, to which Gregg is entitled under Count I is to be established by a properly instructed jury which is not to retry the issue of USI's liability under Count I.
 
 
 3
 We again decline to address whether, with the compensatory damage award to Gregg under Count I reversed, the judgment for punitive damages for Gregg under Count I remains in effect. This issue was not briefed or argued, and we leave it to the district court.
 
 
 4
 As to Gregg's Count III, the petition for rehearing is GRANTED to the extent that in the summary of the disposition of the claims, at 715 F.2d at 1543, the provision concerning Gregg's claim under Count III is amended to read:
 
 
 5
 Count III: Breach of contract. Judgment for USI REVERSED.
 
 
 6
 In all other respects Gregg's petition for rehearing and clarification is DENIED.
 
 
 7
 USI's petition for rehearing is DENIED.